UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA STATE PRISON, SACRAMENTO,<br><br>          Defendant. | No.  2:24-cv-2526 DJC CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff also seeks injunctive relief.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Request to Proceed In Forma Pauperis

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on a claim for injunctive relief against defendant California State Prison, Sacramento for denial of plaintiff's First Amendment right to intimate association premised upon plaintiff being denied visitation with his wife.

At this point, plaintiff has two options:  proceed on the claim identified above or file an amended complaint in an attempt to cure deficiencies with respect to the other claims.  If plaintiff chooses to proceed on the claim described above, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

With respect to plaintiff's other claims and assertions, plaintiff is informed as follows:

1.  Plaintiff asserts he has been denied and is being denied visits with his wife in retaliation for some "whistle blower" action on the part of the wife and plaintiff's filing of lawsuits against correctional staff.  To state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct, Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012), which plaintiff has not done that in his complaint.  It is not sufficient to plead that plaintiff suffered some harm as the result of protected conduct. Plaintiff must point to specific facts which permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

/////

/////

2. Plaintiff does not have an absolute right to receive visitors while in prison. Dunn v. Castro, 621 F.3d 1196, 1203 (9th Cir. 2010). Generally, the denial of visitation does not amount to cruel and unusual punishment prohibited by the Eighth Amendment. Overton v. Bazzetta, 539 U.S. 126, 137 (2003).

3. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). For example, a supervisor such as a warden is not liable for damages simply because he or she is a supervisor. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

4. Plaintiff cannot proceed on claims against defendants he does not identify such as "Doe" defendants.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

III. Pending Motions

A. Preliminary Injunctive Relief

Plaintiff has filed a motion seeking preliminary injunctive relief. However, at this stage the court has no jurisdiction to order preliminary injunctive relief as no defendant has been served with process. Accordingly, the court will recommend that plaintiff's motion for preliminary injunctive relief be denied without prejudice to refiling after defendant California State Prison, Sacramento appears in this action.

B. Request to Strike Defendant Fernandez

Plaintiff indicates that in his complaint he erroneously identified R. Fernandez as a defendant. Because there are no allegations against Fernandez, the court will order the Clerk of the Court to strike Fernandez as a defendant.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on a claim for injunctive relief against defendant California State Prison, Sacramento for denial of plaintiff's First Amendment right to intimate association. In the alternative, plaintiff may choose to file an amended complaint to fix the deficiencies identified in this order with respect to the remaining claims.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

6. Plaintiff's request that R. Fernandez be stricken as a defendant (ECF No. 5) is granted.

7. The Clerk of the Court shall strike R. Fernandez as a defendant in this action.

IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 2) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

/////
/////
/////
/////

time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 21, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gall2526.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>　　Plaintiff,<br><br>v.<br><br>R. FERNANDEZ, et al.,<br><br>　　Defendants | No.  2:24-cv-2526 DJC CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____ 1. Plaintiff wishes to proceed on claim for injunctive relief against defendant California State Prison, Sacramento for denial of plaintiff's First Amendment right to intimate association.

_____ 2. Plaintiff wants time to file a first amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

6