UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-2526 DJC CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| R. FERNANDEZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

     Plaintiff is a state prisoner housed at California State Prison, Sacramento (CSP-Sac) proceeding pro se. This action proceeds on a claim for injunctive relief against defendant California Department of Corrections and Rehabilitation (CDCR) and a claim for damages against defendant Sgt. Brinton.[1] Both claims concern the denial of plaintiff's First Amendment right to intimate association based upon plaintiff being denied visitation with his wife. Defendants have filed a motion to dismiss. The plaintiff has filed an opposition to the motion as well as a sur-reply. As sur-replies are not permitted under Local Rule 230(l), and plaintiff did not obtain leave to file a sur-reply, the sur-reply will be stricken.

/////

---

[1] Sgt. Brinton is referred to as Sgt. "Britton" in plaintiff's amended complaint (ECF No. 15).

1

I. Standard

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation omitted).

II. Allegations

In his amended complaint (ECF No. 15) plaintiff alleges that he has been denied visitation with his wife without explanation since they were married on February 24, 2023.[2] Plaintiff indicates that defendant Brinton believes plaintiff's wife cannot be permitted to visit plaintiff so she will not process the request for visitation submitted two years ago. Plaintiff seeks damages against Brinton and approval of visits.

III. Arguments and Analysis.

The right of intimate association arises under the First Amendment, but the right of any association is "among the rights least compatible with incarceration." Overton v. Bazetta, 539 U.S. 126, 131 (2003). Limits on the right of association is appropriate in the prison context. Id. Limits on freedom of association imposed by prion regulations are permissible as long as the regulation at issue bears a rational relationship to legitimate penological interests. Id. at 132.

/////

---

[2] Plaintiff attaches several exhibits to his opposition to defendants' motion to dismiss. Even if the court could consider the exhibits, which the court cannot, it is not clear the reasons given to plaintiff and his wife as to why her request for visitation has been effectively denied. The possibilities include that she provided plaintiff a phone while he was incarcerated, or that she is a former employee of CDCR. Defendants are free to present any evidence they have as to why visitation was denied in a motion for summary judgment, and present argument that visitation was and is being denied for reasons rationally related to legitimate penological interests.

2

1   First, defendants seek dismissal because plaintiff fails to plead the absence of a rational relationship to legitimate penological interests with respect to his being denied visits with his wife. However, he does do that on pages 3 and 4 of his amended complaint.

   Defendants also argue that plaintiff's claims must be dismissed because plaintiff fails to allege that "there are not alternatives that fully accommodate Plaintiff with minimal cost to valid penological interests." ECF No. 34 at 3. Defendants assert that plaintiff being able to communicate with his wife by means other than visitation (e.g. correspondence) is sufficient to satisfy his right of association. However, defendants provide no case law suggesting that the First Amendment requires only that inmates be permitted to communicate with their spouses or that mere communication is sufficient to vindicate plaintiff's right of intimate association. The court cannot find that prisons have an unfettered right to deny all visitation between prisoners and spouses.

   Defendants suggest that whether plaintiff will be allowed visitation with his wife is under review and that conducting a review as to whether a particular visitor will be permitted to visit is in "the penological interest of ensuring the safety, security, and order of the institution." Id. at 6. However, if the request for visitation is still pending that means it has been pending since December of 2023, one year before plaintiff filed the amended complaint. Without anything more, a two-year delay in processing a request for visitation does not serve any rational purpose. If defendants have evidence indicating it does, it could be presented in a motion for summary judgment.

   Accordingly, IT IS HEREBY ORDERED that the sur-reply filed by plaintiff on September 18, 2025, is stricken.

   IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 34) be denied.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gall2526.mtd